UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| DAVID ANDERSON,<br><br>　　　　　　Plaintiff,<br>　v.<br>ASSET ACCEPTANCE, LLC,<br><br>　　　　　　Defendant.<br>_____/ | No. C 09-2970 MEJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE (DKT. #17)**<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS (DKT. #20)** |

## I. INTRODUCTION

Before the Court are Plaintiff David Anderson's ("Plaintiff") Motion to Dismiss his Complaint (Dkt. #17), and Defendant Asset Acceptance, LLC's ("Defendant") motion for sanctions (Dkt. #20). After consideration of the parties' papers and oral arguments, relevant legal authority, and good cause appearing, the Court ORDERS as follows.

## II. BACKGROUND

On July 1, 2009, Plaintiff filed suit against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.* Under the FDCPA, a debt collector may not, in relation to the collection of a debt, cause a telephone to ring repeatedly with the intent to "annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). The FDCPA also provides that a debt collector must meaningfully disclose the caller's identity. 15 U.S.C. § 1692d(6). The Rosenthal Act provides that a debt collector must reveal his identity when calling in attempts to collect a debt, and further provides that a debt collector may not cause a phone to ring repeatedly or continuously to annoy the person called. Cal. Civ. Code §§ 1788.11(b), (d).

In his Complaint, Plaintiff alleges that Defendant "constantly and continuously" places

collection calls to him, attempting to collect a debt that is over ten years old. (Pl.'s Compl. ¶¶ 12-15, Dkt. #1.) Plaintiff further alleges that Defendant does not disclose that it is a debt collector when it calls him. *Id.* at ¶¶ 16-17. Plaintiff alleges that Defendant's actions caused him to suffer emotional distress. *Id.* at ¶¶ 20, 28. In his Complaint, Plaintiff seeks a declaratory judgment that Defendant's conduct violated the Rosenthal Act, statutory damages under the Rosenthal Act, actual damages, and costs and attorney's fees under the Rosenthal Act. *Id.* at ¶¶ 29-32.

On January 8, 2010, Defendant filed a Motion for Summary Judgment. (Dkt. #15.) However, on January 21, 2010, Plaintiff filed the present Motion to Dismiss. (Dkt. #17.) Accordingly, the Court denied Defendant's summary judgment motion without prejudice pending resolution of Plaintiff's Motion to Dismiss. (Dkt. #18.) On February 4, 2010, Defendant filed an opposition (Dkt. #19), to which Plaintiff filed his Reply on March 4, 2010 (Dkt. #27). On February 9, 2010, Defendant filed its Motion for Sanctions. (Dkt. #20.) On February 24, 2010, Plaintiff filed his Opposition (Dkt. #24), and on March 1, 2010, Defendant filed its Reply (Dkt. #25). On March 25, 2010, the Court held a hearing on both motions.

### III. DISCUSSION

In his motion, Plaintiff argues that although his claim has merit, he seeks voluntary dismissal of the instant action because it is posing harmful effect to his physical and emotional well-being. (Pl.'s Mot. 2:19-23, Dkt. #17, Anderson Decl. ¶ 8, Dkt. #17-1.) In his Declaration, Plaintiff states that he suffers from post-traumatic stress disorder, having been exposed to Agent Orange during his service in Vietnam. (Anderson Decl. ¶ 5, Dkt. #17-1.) Plaintiff further states that when he becomes stressed, he is prone to crying uncontrollably. *Id.* at ¶ 7. Plaintiff states that he began crying uncontrollably while attempting to respond to discovery in this matter and when he attempted to prepare for his deposition. *Id.* Plaintiff maintains that his stress level has increased as this litigation has progressed, to the point that he is no longer capable of prosecuting this action in any way. *Id.* at ¶ 8. Plaintiff argues that because Defendant refused to stipulate to dismissal, he has been forced to litigate a case he wishes to dismiss due to his serious health problems, and argues that this does not further the interests of justice. (Pl.'s Mot. 5:11-14, Dkt. #17.)

2

In response, Defendant states that it does not oppose dismissal of Plaintiff's case with prejudice, but argues that it should not have to pay the attorney's fees and costs incurred by it thus far. (Def.'s Opp'n 1:3-8, Dkt. #19.)

In its motion for sanctions, Defendant seeks attorney's fees and costs in the amount of $7,334.85 under both 15 U.S.C. § 1927 and the inherent power of the Court, arguing that the allegations made by Plaintiff in his Complaint are false. (Def.'s Mot. for Sanctions 1:4, 2:3-7, Dkt. #20.) Specifically, Defendant argues that when it received Plaintiff's complaint, it searched its database but found that it did not have an account in Plaintiff's name and found no evidence that it had ever tried to collect money from him. *Id.* at 2:22-3:3. Defendant states that it conveyed this information to Plaintiff's counsel on multiple occasions. *Id.* at 1:4-7. Defendant argues that Plaintiff's counsel continued to press forward in the case even after it served verified discovery responses confirming that it had no account for Plaintiff and that it had never contacted him, and after Plaintiff failed to respond to discovery, in effect admitting that Defendant had never contacted him. *Id.* at 1:9-12. Defendant further argues that it noticed Plaintiff's deposition, but was told two days prior to the deposition date by Plaintiff's counsel that the deposition would not go forward, and was told the following day that Plaintiff was physically unable to make it, and that counsel anticipated dismissing the matter shortly. *Id.* at 4:11-16. Defendant states that it was on that same day that it informed Plaintiff's counsel that it would not stipulate to dismissal with each side bearing its own fees and costs. *Id.* at 5:1-9. Defendant subsequently filed its Motion for Summary Judgment two days later.

Defendant alleges that the firm representing Plaintiff, Krohn & Moss ("K&M") acted recklessly in pursuing the instant action after "repeatedly being advised that it was without merit[,]" and that it did not adequately investigate Plaintiff's claims before filing and instead chose to "hide behind" Plaintiff's verified complaint. *Id.* at 9:20-22. Defendant contends that K&M's conduct in other similar actions shows a "pattern of judicial abuse," and that "the record shows bad faith" by

3

K&M, meriting an award of sanctions.[1] *Id.* at 5:13-20, 9:2. Defendant maintains that this alleged abuse is evidenced by the fact that the number of FDCPA cases filed in 2009 was nearly sixty percent higher than the number filed the previous year, and that K&M represented 770 out of the 8,300 individuals who sued in 2009. *Id.* at 5:15-20. Counsel for Defendant states that it is currently defending more than a dozen K&M cases, it has defended half a dozen others in the last eighteen months, and that each case contains allegations by K&M that are "virtually identical" to the allegations made in the instant case. (*Id.* at 6:15-19; Topor Decl. ¶ 12, Dkt. #21.)

Defendant claims that "it is reasonable to assume" that K&M's practice of requiring its clients to verify their complaints is either used for its "*in terrorem*" effect on defendants or because K&M is attempting to insulate itself from failure to fully investigate the facts in the suits it files. (Def.'s Mot. for Sanctions 7:1-5, Dkt. #20.) However, Defendant offers no evidentiary or legal support for this argument. Defendant also claims that although K&M "regularly alleges that [plaintiffs] suffered severe emotional distress . . . their clients have renounced the emotional distress claims" in their responses to discovery requests. (*Id.* at 7:26-8:2; Topor Decl. ¶¶ 16, 17, Dkt. #21.) Defendant asserts that K&M has a practice of dismissing actions or making "lowball settlement demands" in response to Defendant's counsel's request for deposition dates, and if K&M clients are deposed, they admit that many allegations made in their complaints are not true. (Def.'s Mot. for Sanctions 8:3-8; Topor Decl. ¶¶ 18-20, Dkt. #21.) Defendant maintains that K&M serves boilerplate discovery requests that "often have nothing to do with the claims asserted[,]" and that it has never noticed a deposition in any case defended by counsel for Defendant. (Def.'s Mot. for Sanctions 8:9-11; Topor Decl. ¶ 21, Dkt. #21.)

In response, Plaintiff states that he verified his Complaint believing that the lawsuit was well-grounded in fact and to certify that the lawsuit was not being filed for any improper purpose. (Pl.'s Opp'n 3:22-4:2, Dkt. #24.) Plaintiff argues that only after the stress of the litigation became

---

[1] Defendant also cites to K&M's website, arguing that the site touts the possibility of relief not provided for under the FDCPA. *Id.* at 5:21-6:14. However, the content of counsel's website is not properly under review in this action, and thus the Court will not make any findings regarding counsel's website.

4

too much for him did he seek to dismiss the action. *Id.* at 2:7-9. Plaintiff contends that instead of accepting his sworn allegations regarding his reasons for dismissal as true, Defendant has gone on a personal attack of K&M. *Id.* at 2:12-13. Plaintiff maintains that while K&M handles a large volume of cases, the fact that it operates on a volume scale does not justify the imposition of sanctions. *Id.* at 2:18-20.

**A.     Legal Standards**

    1.     Motion to Dismiss

Federal Rule of Civil Procedure ("Rule") 41(a)(2), provides that a plaintiff may dismiss an action with prejudice upon such terms as the court considers proper. The decision to grant a voluntary dismissal lies within the sound discretion of the trial court. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143 (9th Cir. 1982). "[A] district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Financial Corp. of America*, 828 F.2d 579, 583 (9th Cir. 1987). Plain legal prejudice does not result simply because a plaintiff may gain a tactical advantage, or because a defendant has begun trial preparations, or may face a second lawsuit. *Hamilton*, 679 F.2d at 145. "Plain legal prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *U.S. v. Two Parcels of Real Property*, No. C-95-0347 VRW, 2001 WL 1180698, at *1 (N.D. Cal. Sep. 27, 2001) (citing *Watson v. Clark*, 716 F. Supp 1354, 1356 (D. Nev. 1989), *aff'd*, 909 F.2d 1490 (9th Cir. 1990)). Costs and attorney's fees may not be awarded when a complaint is dismissed with prejudice under Rule 41(a)(2), as there is no future risk of litigation. *Larsen v. Town of Corte Madera*, No. C-94-0984-DLJ, 1994 U.S. Dist. LEXIS 13137, at *4 (N.D. Cal. September 12, 1994).

    2.     Sanctions Under 28 U.S.C. § 1927

28 U.S.C. § 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 does not distinguish between winners and losers or plaintiffs and defendants, but is only concerned with

limiting the abuse of court processes. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980). To award sanctions under § 1927, the court must find that the attorney acted recklessly and with knowledge of an improper purpose. *BKB v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). A finding of bad faith is not necessary under § 1927. *Id.*

### 3. Sanctions Under the Inherent Power of the Court

Federal courts also have inherent power to assess attorney's fees against counsel in response to abusive litigation practices. *Roadway Express, Inc.*, 447 U.S. at 765. A court may impose sanctions if it "specifically finds bad faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). "Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* For example, misstatements of law and fact, coupled with an improper purpose, can be sanctioned under the inherent power of the court. *Id.* A court may impose sanctions on such a finding, even if the claim is a colorable one. *In re Itel Securities Litigation*, 791 F.2d 672, 675 (9th Cir. 1986).

## B. Application to the Case at Bar

As discussed above, Defendant states that it does not oppose dismissal of Plaintiff's case with prejudice, but argues that it should not have to pay the attorney's fees and costs incurred by it thus far. (Def.'s Opp'n 1:3-8, Dkt. #19.) Defendant ostensibly argues that the legal prejudice that will result upon dismissal of Plaintiff's case is that it will have to bear its own fees and costs. However, Defendant recognizes that conditioning dismissal under Rule 41(a)(2) on reimbursement of fees and costs is not authorized. (Def.'s Opp'n 1:6-10, Dkt. #19.) The Court thus finds it appropriate to first address Defendant's Motion for Sanctions prior to determining whether dismissal is proper.

Defendant contends that K&M's behavior in this case is sanctionable because it failed to investigate Plaintiff's claims and pursued the action after "repeatedly being advised that it was without merit." (Def.'s Mot. for Sanctions 9:20-22, Dkt. #20.) However, the Court finds that K&M has not acted recklessly or with an improper purpose. To begin, the Court notes that Plaintiff

contacted K&M about pursuing a claim against Defendant, and that there is no evidence that K&M reached out to Plaintiff. (Martin Decl. ¶ 2, Dkt. #24-1.) Plaintiff's counsel, G. Thomas Martin, states that K&M interviewed Plaintiff in detail regarding his claims before filing, and that Plaintiff approved a draft of his complaint prior to verifying it, and prior to filing the complaint. *Id.* at ¶¶ 2, 4. Upon review of his complaint and prior to filing, Plaintiff added comments to his verification indicating that, because of his debts, he is paranoid that he will be assaulted every time there is a knock at the door. (*Id.* at ¶ 5; Pl.'s Compl., Dkt. #1.) Finally, Plaintiff filed a verified complaint. (Dkt. #1.) Plaintiff maintains that he verified his Complaint believing that the lawsuit was well-grounded in fact and to certify that the lawsuit was not being filed for any improper purpose. (Pl.'s Opp'n 3:22-4:2, Dkt. #24.)

The Court also notes that, according to Plaintiff, the debt Defendant was attempting to collect from him was actually owed by his daughter-in-law, (Pl.'s Mot 2:11-12, Dkt. #17), and that Plaintiff repeatedly advised the caller that she had suffered a brain injury which rendered her incompetent, that she could not pay Defendant, and told Defendant not to call his house anymore. (*Id.* at 2:13-15; Anderson Decl. ¶ 3, Dkt. #17-1.)

Further, Defendant has admitted that it called Plaintiff. (*Id.* at 4:5-14, Martin Decl. ¶ 8, Ex. D, Dkt. #24-1.) Specifically, in answering Plaintiff's Complaint, Defendant admitted to having placed calls to Plaintiff's number and admitted that Plaintiff answered. (Def.'s Answer ¶¶ 12-14, Dkt. #7.) Additionally, in response to Plaintiff's Request for Admission No. 8, Defendant admitted calling Plaintiff's number in an attempt to contact another person. (Martin Decl., Ex. F, Dkt. #24-1.) The Court also notes Plaintiff's argument that one of Defendant's affirmative defenses is "Bona Fide Error," which illustrates that the conduct pled by Plaintiff did occur, even though Defendant may argue that any FDCPA violation was unintentional. (Pl.'s Opp'n 5:4-12; Martin Decl., Ex. E, Dkt. #24-1.)

As to fees and costs incurred by Defendant since Plaintiff filed this lawsuit, the Court finds Plaintiff's argument well-taken that Defendant has "needlessly increas[ed] its costs by filing its motion for summary judgment and the instant motion for sanctions, knowing that Plaintiff wished to

7

dismiss due to his health issues. *Id.* at 8:21-22, 9:10-13. It is unclear why Defendant pursued such aggressive litigation given Plaintiff's desire not to proceed with the case. Further, because Plaintiff indicated that he could not go forward due to his mental and physical condition, the Court cannot find that K&M's conduct in bringing this case and subsequently seeking to dismiss is unreasonable and vexatious. Accordingly, the Court finds that Plaintiff's filing of this action was reasonable and not an abuse of court processes. The Court also finds that Plaintiff's claims are not unreasonable under the language of the FDCPA or the Rosenthal Act. Plaintiff alleged that Defendant called him constantly and continuously in attempts to collect a debt and failed to identify itself as a debt collector. Defendant admitted that it acts as a debt collector, and that it has called Plaintiff. Only when Plaintiff indicated that he could not go forward due to his mental and physical condition did K&M notify Defendant's counsel that it would be dismissing the action. The Court thus finds that sanctions are not merited under § 1927.

Furthermore, the Court finds that sanctions under its inherent power are not warranted here, as there is no evidence that the litigation practices of K&M in this matter have not been abusive. As discussed above, Plaintiff filed a verified complaint after several consultations with his attorney. Defendant argues that this suit is totally without merit on the basis that it never contacted Plaintiff, had no account for him, and never tried to collect a debt from him; however, Defendant's responses to discovery and its initial disclosures tell a different tale. Defendant admitted to having contacted Plaintiff, and Defendant's initial disclosures state that Plaintiff was an individual likely to "have discoverable information concerning his communications with Defendant[.]" (Martin Decl., Ex. I, Dkt. #24-1.) The fact that Plaintiff was being contacted by Defendant, an admitted debt collector, in attempts to collect a debt show that this action was neither frivolous nor filed for an improper purpose. The Court thus finds that this action was not filed in bad faith and that there was no conduct tantamount to bad faith. For the same reasons discussed above, the Court finds that sanctions are not appropriate here.

Having determined that sanctions against Plaintiff and his counsel are inappropriate, the Court next turns to the question of whether dismissal with prejudice is proper. As discussed above,

8

Defendant has offered no legal or evidentiary support to show that it will suffer legal prejudice upon dismissal of Plaintiff's case. The Court finds that dismissal of Plaintiff's case will not cause Defendant to suffer extreme or unreasonable monetary burdens or other legal prejudice. Thus, Plaintiff's motion for dismissal with prejudice is GRANTED.

**C.     Plaintiff's Motion for Sanctions**

Finally, in his Opposition, Plaintiff argues that "Defendant's conduct is reprehensible and warrants sanctions by this Court[,]" and seeks leave to file a motion for attorney's fees. (Pl.'s Opp'n 24:22-23, 25:2-3, Dkt. #24.) However, the Court finds that Plaintiff has failed to make the required showing that sanctions are warranted under 15 U.S.C. § 1927 or under the inherent power of the Court. Plaintiff has not offered sufficient evidence to show that Defendant's conduct in bringing a motion for sanctions is an abuse of court processes, or that Defendant's litigation tactics have been tantamount to bad faith. Plaintiff argues that Defendant's sole purpose behind filing its sanctions motion was to "denigrate a thorn in its side[,]" as K&M files hundreds of lawsuits on behalf of people like Plaintiff who have been harassed by companies like Defendant. *Id.* at 24:11-14. Plaintiff contends that, rather than offer evidence in opposition to Plaintiff's declaration, Defendant took this opportunity to generally disparage K&M. *Id.* 24:20-22. Even were the Court to agree, it could not find that Defendant's conduct was an unreasonable or vexatious abuse of court processes. While the Court herein finds that good cause does not exists to award sanctions against Plaintiff, it makes no finding that Defendant's motion was completely without merit and brought solely to harass Plaintiff. The Court thus DENIES Plaintiff's cross-motion for sanctions.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Dismiss with Prejudice and DENIES Defendant's Motion for Sanctions. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: April 29, 2010                                          _____
                                                                              Maria-Elena James
                                                                              Chief United States Magistrate Judge